```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                               :
   IN RE RESIDENTIAL CAPITAL, LLC, et al.,                     :
                                                               :
                                         Debtor.               :
------------------------------------------------------------------------:
                                                               :         13 Civ. 8317 (PAE)
   TOM FRANKLIN,                                               :
                                                               :         OPINION & ORDER
                                         Appellant,            :
                       -v-                                     :
                                                               :
                                                               :
   RESIDENTIAL CAPITAL, LLC,                                   :
                                                               :
                                         Appellee.             :
------------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

Appellant Tom Franklin ("Franklin") appeals *pro se* from a September 16, 2013 Order of the United States Bankruptcy Court for the Southern District of New York (Glenn, J.) ("Order") expunging Franklin's claims against the chapter 11 estate of Appellee Residential Capital, LLC ("ResCap") and its affiliated debtors (collectively, "Debtors"), on the ground of insufficient documentation. For the following reasons, the Order is affirmed and Franklin's appeal is denied.

I.   **Background**[1]

ResCap is a residential real estate finance company indirectly owned by non-debtor Ally Financial, Inc. ("Ally Bank"). The Debtors and Ally Bank are, collectively, the tenth largest

---

[1] The Court's account of the underlying facts of this case is drawn from the documents included in the parties' respective designations of the bankruptcy record on appeal. *See* Dkt. 3, 4, 7. The parties did not produce a joint appendix in connection with this appeal. Accordingly, the Court cites directly to the designated documents as they appear on the Bankruptcy Court's docket, *In re Residential Capital, LLC, et al.*, No. 12-12020 (MG) (S.D.N.Y. Bankr.) ("Bankr. Dkt.").

1

originator and fifth largest servicer of residential mortgage loans in the United States.  On May 14, 2012, the Debtors filed petitions in the bankruptcy court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Bankr. Dkt. 1.

On May 16, 2012, the United States Trustee for the Southern District of New York (the "Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee"), pursuant to sections 1102(a) and 1102(b) of the Bankruptcy Code.  Bankr. Dkt. 102.  On December 11, 2013, the bankruptcy court issued an order approving the second amended Chapter 11 plan proposed by the Debtors and the Official Committee of Unsecured Creditors.  Bankr. Dkt. 6065 ("Plan").  The Plan provides for, *inter alia*, the creation of a trust for prosecuting objections to claims filed by "Borrowers," with a "Borrower" defined as a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased by one or more of the Debtors (the "Trust").  *Id.* App'x 1 at 5.

On March 21, 2013, the bankruptcy court issued an Order approving, pursuant to section 502(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure Rule 3007(d), procedures for the filing of omnibus objections to proofs of claim in the chapter 11 proceeding.  Bankr. Dkt. 3294 ("Claim Objection Procedures Order").  The Claim Objection Procedures Order authorizes the Debtors to file omnibus objections to multiple Borrower Claims at a time, and sets forth various grounds on which the Debtors may object to a Claim (in addition to those grounds set forth in Federal Rule of Bankruptcy Procedure 3007(d)), including on the ground that "the Claims do not include sufficient documentation to ascertain the validity of the Claims[.]"  *Id.* at 2, 7.  That Order further provides that prior to filing an objection to a Borrower Claim for insufficient documentation, the Debtors must

> contact the holders of such Claims by mailing a document request letter, in a form mutually acceptable to the Debtors and Special Counsel to the [Creditors']

>Committee (the "Request Letter"), to such Borrower, or counsel thereto if known, in an attempt to obtain information regarding the factual and legal basis of the respective asserted Borrower Claim . . . within two (2) weeks after finalizing a Borrower Claim List.

*Id.* at 4 (bold face omitted).

On October 12, 2012, Franklin filed a proof of claim against the chapter 11 estate, labeled for identification as Claim No. 1195 (the "Franklin Claim" or the "Claim"), in the amount of $134,000. *See* Bankr. Dkt. 4828 Ex. 1. Franklin listed "loan modification refused" as the basis for his claim, but failed to supply any supporting documentation. *Id.*

Upon review, the Debtors determined that the Franklin Claim lacked adequate documentation and had no basis in the Debtors' books and records. Accordingly, after consulting with the Special Counsel to the Creditors Committee, the Debtors, in May 2013, sent Franklin a Request Letter. *See* Bankr. Dkt. 4158 Ex. 1 (Declaration of Deanna Horst in Support of Debtors' Twenty-First Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation) ("Horst Decl.")) ¶ 4. The Request Letter stated in pertinent part that "you must respond to this letter [within 30 days] with an explanation that states the legal and factual reasons why you believe that one of the Debtors owed you money as of May 14, 2012 . . . and, you must provide copies of any and all documentation that you believe supports the basis for your claim." Bankr. Dkt. 4158 Ex. 4 ("Model Request Letter"). It further advised Franklin that failure to provide the requested documentation within 30 days could result in his claim being "disallowed and permanently expunged." *Id.*

Franklin failed to respond to the Debtors' request for additional documentation. *See* Horst Decl. ¶ 4. Accordingly, on July 3, 2013, the Debtors filed the Twenty-First Omnibus Objection to Claims, which sought to have several claims, including the Franklin Claim, expunged on the ground of insufficient documentation. *See* Bankr. Dkt. 4158 ("Omnibus

3

Objection"). The Debtors provided notice to affected parties, including Franklin, that responses to the Omnibus Objection must be made in writing and served no later than August 5, 2013, and that a hearing on the Omnibus Objection would take place before the bankruptcy court on August 21, 2013. *See id.* That hearing was later adjourned to September 11, 2013. *See* Bankr. Dkt. 4872. On September 9, 2013, claimants were provided notice that the bankruptcy court had "authorized parties outside of the New York City area appearing in this case to attend [the hearing] telephonically," and provided an explanation of how to participate remotely. Bankr. Dkt. 4995.

Franklin filed three responses to the Omnibus Objection—on July 18, 2013, Bankr. Dkt. 4282 ("July 18 Response"); on September 5, 2013, Bankr. Dkt. 4961 ("September 5 Response"); and on September 6, 2013, Bankr. Dkt. 4980 ("September 6 Response"). In each, Franklin stated generally that he "is owed money by the debtor," that he has "a legitimate creditor claim," and that dismissing his claim "would be unfair and unsubstantiated." July 18 Response; *see also* September 5 Response (same); September 6 Response (same). In the latter two responses, Franklin stated that the Debtors were acting "in bad faith" and "trying to manipulate the bankruptcy process." September 5 Response at 1–2; September 6 Response at 1–2. None of the responses, however, provided any additional documentation in support of his claim.

On August 27, 2013, the Debtors filed a reply addressing the adequacy of the responses it had received to the Omnibus Objection, including Franklin's July 18 Response. *See* Bankr. Dkt. 4842 ("Omnibus Reply"). The Omnibus Reply stated that Franklin "fails to provide sufficient documentation in support of [his] claim or any other explanation as to why [his] claim is valid"; accordingly, his claim "should be disallowed and expunged." *Id.* ¶ 9; *see also* Omnibus Reply Ex. 1 at 5 ("The Response states that the Claimant is 'owed money by the debtor,' has a

4

'legitimate creditor claim,' and has 'suffered extreme hardship,' such that disallowing the claim would be 'unfair.' No supporting documentation is provided.").

On September 11, 2013, a hearing was held before the bankruptcy court on, *inter alia*, the Omnibus Objection. *See* Bankr. Dkt. 5164 (Transcript of September 11, 2013 Hearing ("Tr.")). At the hearing, the bankruptcy court inquired as to whether Franklin or a representative on his behalf was present. No one so indicated. The bankruptcy court then sustained the Debtors' Objection as to the Franklin Claim. *Id.* at 143.

On September 16, 2013, the bankruptcy court entered an order formally overruling Franklin's Responses and expunging the Franklin Claim. *See* Bankr. Dkt. 5049 ("Order"). The bankruptcy court found that: (1) proper notice of the Omnibus Objection had been provided to affected parties; (2) the relief sought in the Omnibus Objection "is in the best interests of the Debtors, their estates, creditors, and all parties in interest"; (3) the bases for relief set forth in the Omnibus Objection "establish just cause for the relief granted"; and (4) the Omnibus Objection complies with the bankruptcy court's Claim Objections Procedures Order. *Id.* at 1–2. Accordingly, the bankruptcy court ruled that "pursuant to section 502(b) of the Bankruptcy Code, the Franklin Claim is hereby disallowed and expunged." *Id.* at 2. It is from that Order that Franklin now appeals.

On September 20, 2013, Franklin timely filed a notice of appeal of the Order. *See* Bankr. Dkt. 5171, 5568. On October 4, 2013, Franklin, acting *pro se*, filed a document styled the Designation of Bankruptcy Record on Appeal, which was docketed by the bankruptcy court on October 31, 2013. Bankr. Dkt. 5570. On November 21, 2013, ResCap filed a Counter Designation of Bankruptcy Record on Appeal.[2] Dkt. 4. On November 25, 2013, Franklin filed

---

[2] On that date, Franklin also filed a request to proceed *in forma pauperis*. Dkt. 5.

5

an addendum to his Designation of Bankruptcy Record on Appeal.  Dkt. 7.  That same day, the Court issued an order directing the parties to confer and jointly submit a proposed briefing schedule.  Dkt. 6.

On December 2, 2013, the Court issued a scheduling order directing appellant Franklin to file and serve a brief no later than January 3, 2014; appellee ResCap to file and serve a brief in opposition no later than January 24, 2014; and Franklin to file a reply brief no later than February 7, 2014.  Dkt. 9.  On December 11, 2013, Franklin filed a document styled "Statement of Jurisdiction on Appeal," which the Court treats as his brief.  Dkt. 11 ("Franklin Br.").  On January 24, 2014, ResCap filed its brief.  Dkt. 17 ("ResCap Br.").  Franklin did not submit a reply brief.

While this appeal was pending, however, Franklin made several other submissions to the Court.  On December 6, 2013, Franklin wrote a letter to the Court indicating that opposing counsel had not provided him with certain unspecified documents purportedly filed in connection with this appeal, and alleging that opposing counsel was "violating the rules of bankruptcy and the civil rules of procedure."  Dkt. 10.  On December 26, 2013, Franklin filed a document, styled a "motion to compel discovery," again claiming that appellees have refused to produce certain documents.  Dkt. 12.  On January 6, 2014, counsel for ResCap submitted to the Court a letter in response to Franklin's motion to compel.  Dkt. 13.  By order filed January 8, 2014, the Court denied Franklin's motion, explaining that "[o]n appeal from an order of the bankruptcy court, the parties do not engage in discovery, and thus any motion to compel discovery is not properly brought."  Dkt. 14.  The Court later received a letter from Franklin, dated January 9, 2014, in which he again expressed concern that ResCap had failed to provide him with documents relating to this appeal.  By order dated January 22, 2014, the Court noted once more that the

parties are not required to produce documents or other materials in connection with this bankruptcy appeal, and that the Court would consider the merits of the appeal on the record that had already been compiled.  Dkt. 16.

On January 28, 2014, Franklin filed a document styled "Response of the Debtor to the Movant's Motion to Lift the Automatic Stay."[3]  Dkt. 19.  By letter dated February 4, 2014, ResCap responded by noting, *inter alia*, that "neither the Trust nor the Debtors have filed any 'motion to lift the automatic stay' relating to Mr. Franklin in the Debtors' chapter 11 cases and even if it had any such motion is not the subject of this appeal."  Dkt. 21.

For the reasons that follow, the Court holds that the Bankruptcy Court did not err in expunging the Franklin Claim, and that Franklin's other claims against the Trust, the Debtors, or opposing counsel are without merit.

## II.      Discussion

### A.      Standard of Review

Under Rule 8013 of the Federal Rules of Bankruptcy Procedure, this Court "may affirm, modify, or reverse [the] bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  Fed. R. Bankr. P. 8013.  The bankruptcy court's findings of fact are reviewed for clear error, while its legal conclusions are reviewed *de novo*.  *Pleasant v. TLC Liquidation Trust (In re Tender Loving Care Health Servs.)*, 562 F.3d 158, 161 (2d Cir. 2009); *Official Comm. of Unsecure Creditors of Applied Theory Corp. v. Halifax Fund, L.P. (In re Applied Theory Corp.)*, 493 F.3d 82, 85 (2d Cir. 2007).  The Court reviews "mixed questions of law and fact either de novo or under the clearly erroneous standard depending on whether the

---

[3] On February 3, 2014, Franklin again filed a document styled "Response of the Debtor to the Movant's Motion to Lift the Automatic Stay," which is identical to the document filed on January 28, 2014.  *See* Dkt. 22.

question is predominantly legal or factual." *Italian Colors Rest. v. Am. Express Travel Related Servs. Co. (In re Am. Express Merchants' Litig.)*, 554 F.3d 300, 315 n.11 (2d Cir. 2009) (internal quotation marks and citation omitted), *vacated on other grounds by Am. Express Co. v. Italian Colors Rest.*, 130 S. Ct. 2401 (2010); *see also Bay Harbour Mgmt., L.C. v. Lehman Bros. Holdings Inc. (In re Lehman Bros. Holdings, Inc.)*, 415 B.R. 77, 83 (S.D.N.Y. 2009). A finding of fact is clearly erroneous, and thus may be set aside, if the reviewing court has a "definite and firm conviction" that a mistake has been made by the bankruptcy court. *Ortega v. Dunn*, 333 F.3d 102, 106–07 (2d Cir. 2003) (internal quotation mark and citation omitted); *Best Payphones, Inc. v. Manhattan Telecomms. Corp. (In re Best Payphones, Inc.)*, 432 B.R. 46, 53 (S.D.N.Y. 2010).

**B.     Analysis**

Franklin challenges the bankruptcy court's September 16, 2013 Order disallowing his claim on due process grounds. He argues primarily that the he did not receive a proper hearing before the bankruptcy court, and that the bankruptcy court was biased against him on the basis of race.[4] *See* Franklin Br. 2 ("The appellant was not afforded due process of law in that all of his pleadings and filing[s] were decided without a proper court hearing."); *see id.* ("There is race and biasness in the way that an African American Case is heard in this court.") (bold face omitted).

The Due Process Clause in the Fifth Amendment to the United States Constitution protects against deprivation of "life, liberty or property, without due process of law." Due

---

[4] Franklin's brief to the Court in connection with this appeal contains a significant amount of extraneous argumentation, *i.e.*, as to the legal standard applicable to motions to dismiss and motions for summary judgment, the bases for federal jurisdiction, and the like. *See* Franklin Br. at 2–29. The Court has made its best effort to distill the bases of his claims, mindful that it must interpret *pro se* submissions to raise "the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prison*s, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

process requires that, before being forced to forfeit a property interest, parties must be provided with "reasonable notice and the opportunity to be heard." *Karpova v. Snow*, 497 F.3d 262, 270 (2d Cir. 2007). "The opportunity to be heard must be 'at a meaningful time and in a meaningful manner.'" *Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). A "claim against the [bankruptcy] estate[] constitutes property within the meaning of the Amendment[] and cannot be forfeited through proceedings lacking in due process." *In re Drexel Burnham Lambert Grp. Inc.*, 151 B.R. 674, 679 (Bankr. S.D.N.Y. 1993).

      The Court has carefully reviewed the record on appeal and finds no deprivation of due process in the bankruptcy court's decision to expunge the Franklin Claim. The bankruptcy court and the Debtors acted in accordance with the Claims Procedures Order, which Franklin does not challenge, and which in any event the Court determines to be eminently reasonable. The Debtors, after identifying the Franklin Claim as lacking sufficient documentation, sent Franklin a Reply Letter, which gave ample notice of the documentation required to substantiate his Claim, the deadline for supplying that documentation, and the consequences of failing to respond or responding inadequately. When the Debtors thereafter filed the Omnibus Objection, Franklin was again provided notice and an opportunity to respond by letter. The bankruptcy court also held a hearing before expunging the Claim, of which Franklin was notified and given the opportunity to attend, in person or telephonically.

      Franklin does not claim that he did not receive these notifications, or that he was deprived of a meaningful opportunity to respond to the alleged deficiencies in his claim. Nor could he: Although Franklin did not respond to the initial Reply Letter, he submitted several responses to the Omnibus Objection itself; this clearly indicates that he indeed received notice of the Omnibus

Objection (and presumably the other notifications), and that he understood how to present his opposition.

Instead, Franklin claims that he was denied a "proper" hearing before his claim was expunged. The record, however, demonstrates that the bankruptcy court afforded Franklin "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333. Indeed, before any claims were expunged pursuant to the Omnibus Objection, the bankruptcy court held a live hearing. Franklin failed to appear at the hearing altogether, despite ample notification of the hearing date and the opportunity to appear telephonically, with minimal effort or expense. Having failed to appear, he cannot now claim that he did not receive a "proper" hearing. In any event, the record reflects that the bankruptcy court took Franklin's Responses into consideration before rendering judgment, but nonetheless determined that his Claim was lacking sufficient documentation.

Franklin fails to identify any aspect of the September 11, 2013 hearing that was improper. From its assessment of the record, the Court cannot find any flaw in the hearing that took place in Franklin's absence that would give the Court pause. His due process claim on this score is vague, conclusory, and without factual basis in the record.

The same is true of Franklin's claim of race-based bias. Franklin cannot point to any record evidence tending to indicate that the bankruptcy court was biased against him or denied his Claim on the basis of race. Indeed, as ResCap points out, there is no reason to believe that the bankruptcy court even *knew* Franklin's race. *See* ResCap Br. 9. Franklin did not indicate his race on his Claim or in any subsequent filings with the bankruptcy court. Nor did he appear before the court at the September 11, 2013 hearing, or, to the Court's knowledge, at any other time. Accordingly, Franklin's claim of bias on the part of the bankruptcy court is rejected. *See*,

*e.g.*, *Martin v. O'Connor*, 181 F.3d 83, 83 (2d Cir. 1999) (summary order) (affirming dismissal of bankruptcy appeal because "[p]laintiff has failed to show any bias, misconduct, or abuse of discretion on the part of either the bankruptcy court or the district court, or any violations of procedural rules on the part of Appellee that would impact on the disposition of this appeal"). In sum, no argument presented on appeal indicates that Franklin was denied due process in the bankruptcy court proceeding.

Moreover, the bankruptcy court's Order was clearly correct on the merits. A proof of claim in a bankruptcy proceeding is presumptively allowed unless a party in interest objects to it. 11 U.S.C. § 502; *see also* Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."). "'Once an objectant offers sufficient evidence to overcome the prima facie validity of the claim, the claimant is required to meet the usual burden of proof to establish the validity of the claim.'" *In re Feinberg*, 442 B.R. 215, 220–21 (Bankr. S.D.N.Y. 2010) (quoting *In re Rockefeller Center Properties*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000)). "Ultimately it is the claimant . . . who bears the burden of persuasion as to the allowance of [his] claim." *Id.* at 221.

Here, the Debtors filed a valid objection to the Claim, sufficient to overcome the presumptive validity of Franklin's Claim. And Franklin, despite several opportunities to do so, failed provide *any* documentation in support of his Claim. Thus, Franklin failed to establish the validity of his Claim. *Cf. id.* (describing the "required documentation for a proof of claim in the context of mortgages" as, at the very least, "a summary of [the creditor's] claim, containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees that make up the balance of the debt") (internal quotation marks and citation omitted). The bankruptcy court was thus justified in

expunging the Claim. Indeed, Franklin does not even challenge the substance of the bankruptcy court's Order; he merely challenges the adequacy of the pre-deprivation proceedings.

After considering Franklin's arguments regarding the proceedings before the bankruptcy court and carefully reviewing the record, the Court finds no error in those proceedings or in the substance of the Order. Franklin's other claims regarding the conduct of opposing counsel during the pendency of this appeal are also misplaced, for the reasons stated in the Court's Orders dated January 7, 2014 and January 22, 2014. *See* Dkt. 14, 16.

## CONCLUSION

For the foregoing reasons, Franklin's appeal is denied, and the Order is affirmed in all respects. The Clerk of Court is directed to terminate any pending applications and to close this case. The Court certifies that any appeal from this order would not be taken in good faith, and *in forma pauperis* status is thus denied. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The appellees are directed to immediately serve a copy of this decision upon Franklin by overnight mail and by email.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: May 1, 2014
New York, New York